UNITED SATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| MITCH BERGER | CASE NO. |
| Plaintiff, | SECTION: |
|  | JUDGE: |
| Versus | MAGISTRATE: |
| KEVIN HOUSER, SECURITIES AMERICA, INC., and AMERICAN INTERNATIONAL SPECIALTIES LINES INSURANCE CO., Defendants. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The Complaint of Mitch Berger who respectfully represents and avers as follows:

### Plaintiff
1.
Plaintiff, Mitch Berger ("Berger"), is a person of the full age of majority and a resident of the State of Minnesota.

### Defendants
2.
Made defendants herein are
(A) **Kevin Houser**, ("Houser"), a person of full age of majority and a resident of the State of Ohio.

Page -1-

(B) **Securities America, Inc.**, ("Securities America"), a Delaware Corporation with its principal place of business in the State of Ohio, doing business in Louisiana, including at 601 Poydras Street, in the City of New Orleans, State of Louisiana.

(C) **American International Specialties Lines Ins., Co.**, ("American International"), a foreign insurance company authorized to be engaged and actually engaged in the business of insurance within the State of Louisiana.

## Jurisdiction

3.

This Court has Jurisdiction pursuant to 28 U.S.C. §1332 in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4.

Defendant, Houser, is a licensed securities broker/financial advisor.

5.

Defendant Houser and Plaintiff Mitch Berger were professional football players with the New Orleans Saints.

6.

Houser was also Berger's personal stock broker and financial advisor beginning in 2004.

7.

Berger maintained an investment account with Securities America which was managed by Houser.

8.

Over the years Houser would suggest various investments in stocks, mutual funds, bonds or other securities. Berger relied upon and followed Houser's advice. Houser and Securities America were compensated by Berger in the form of loads and comissions.

9.

Beginning in 2007 Houser and Berger discussed the need for Berger's portfolio to contain conservative, safe investments because he was coming to the end years of his playing career.

10.

In 2006, Berger was injured and released from the New Orleans Saints. He moved out of the New Orleans area.

11.

During this time Houser remained Berger's stock broker and investment advisor. Houser continued to advise Berger to stay in conservative safe investments.

12.

Unknown to Berger, sometime in 2008, Defendant, Houser, entered into a business relationship with Wayne Read ("Read"), a promoter and purported owner of Louisiana Film Studios, LLC, (hereinafter "LFS") a business engaged in the production of commercial and other film ventures.

13.

In late 2008 Houser suggested that Berger invest in a Louisiana film studio deal. Houser said he was part of the Louisiana film studio deal and "in on the ground floor". Houser said that Berger's investment would be watched closely by Houser. Houser also said the investment was protected and "backed" by the studio owning the land and improvements where the studio was located and by Louisiana tax credits.

14.

Houser did not explain the exact nature of the "investment" telling Berger he would make 2 to 3 percent on his money per month and eventually he would be paid back the "investment"

15.

Houser informed Berger that Securities America approved of Houser's selling "investments" in LFS. Houser further advised that while Houser would be receiving a commission on his sales he would "kick-back" his comission on Berger's investment back to Berger.

16.

Houser advised Berger to put up $250,000. Houser advised Berger to transfer out approximately $100,000 from his investment account with Securities America investment account that Houser had been managing. The approximate $100,000 was the cash portion of his investment account.

17.

Houser had a check drawn up and sent to Berger. Berger added an additional $150,000 and based upon the advice and instructions of Houser wrote out a check payable to Louisiana Film Studios, LLC in the amount of $250,000 dated January 1, 2009.

18.

At the direction of Houser, Berger sent the check via over-night delivery from Arizona where he was living at the time to Houser in Louisiana.

19.

Houser delivered Berger's check to Louisiana Film Studios.

20.

Houser did not obtain any stock, membership units, note or even receipt for the $250,000 of Berger's money Houser had delivered to LFS.

21.

Defendant Houser knew or should have known of the necessity to obtain some instrument whether it be shares of stock, membership units or promissory note establishing the nature and terms of the "investment" he advised Berger to make.

22.

Despite repeated demands for information and evidence of his "investment" Houser continued to represent to Plaintiff that the "investment" was "good".

23.

Upon information and belief, at the time Houser was soliciting Berger to make an "investment" in LFS, Houser and his wife were actually creditors of LFS and had a financial interest in the cash proceeds derived from the "investment", all of which Houser failed to disclose to Berger.

24.

Houser, on at least one occasion, traveled to an event, all expenses paid for by LFS, for the purpose of promoting LFS, for the benefit of himself and LFS. Houser failed to disclose to Plaintiff his financial interest in the cash proceeds which were derived from the Berger "investment" and the benefits he anticipated from the business of LFS .

25.

Houser and his wife are the owners of 47 Construction, LLC, a Louisiana Limited Liability Company.

26.

Unknown to Berger, at the time Houser solicited the $250,000 "investment" from Berger, 47 Construction, LLC had entered into a multi-million dollar construction agreement to improve the film studio operated by LFS.

27.

Upon information and belief, at the time Houser solicited the "investment" from Berger, 47 Construction, LLC was claiming to be owed significant amounts of money from LFS by virtue of the construction agreement.

28.

Houser failed to inform Berger of his relationship to 47 Construction, LLC or 47 Construction, LLC's relationship to LFS.

29.

Upon information and belief, rather than obtaining stock, membership units or promissory or other device or instrument to define and protect the Plaintiff's funds the funds were delivered by Houser to LFS without any protections which resulted in the funds being wasted, converted and dissipated by LFS and/or others.

30.

The tortious and/or negligent mishandling of the $250,000 "investment" by Houser and/or American Securities constitutes a breach of contractual, professional and fiduciary duties, giving rise to damages sustained by Plaintiff, without limitation, the purchase price, lost profits and opportunities, substantial expenses, including expenses to investigate Houser's mismanagement, attorneys fees, loss of use of Plaintiff's money.

31.

Houser intentionally withheld from Plaintiff his financial interest in the transactions he was promoting, failed to disclose and intentionally withheld from Plaintiff the lack of protections of Plaintiff's money and as a consequence, is guilty

of unfair and bad faith dealings and is liable under Louisiana law, specifically Civil Code article 1997 for all of Plaintiffs' consequential damages, costs and attorney's fees.

32.

Houser failed to advise and counsel Berger. Houser's advice and actions were contrary to Berger's needs, goals and tolerance for risk. Further, Houser failed to keep abreast of and monitor the "investment" in Berger's portfolio.

33.

Houser's acts against Plaintiff constitutes Unfair Trade Practices entitling Plaintiff to his losses, treble damages and attorneys fees pursuant to La. R.S. 51:1401 et seq., the "Unfair Trade Practices and Consumer Protection Law."

34.

Further, Houser is liable to Plaintiff under La. C.C. art. 1967 as he induced Plaintiff to rely to his detriment on his representations. Houser failed to take any action to protect Berger's money. Houser failed to deliver any evidence of the existence or nature of the "investment" he made on Berger's account and behalf.

35.

In the further alternative, Houser is liable under the doctrine of unjust enrichment as he has been enriched and Plaintiff have been correspondingly

impoverished. Upon information and belief, Houser kept all or a portion of the monies provided by Berger as a "commission" or "finders fee" or benefitted in other ways to enrich himself at the expense of Plaintiff. There is no justification for this enrichment and Plaintiff impoverishment.

36.

At all times relevant herein Houser was a Registered Representative of and/or agent and/or employee of Securities America acting within the course and scope of his duties.

37.

Securities America is liable unto Plaintiffs for the actions of Houser under the theory of *respondeat superior*.

38.

At all times relevant herein, Houser was an insured under a policy of insurance issued by American International Specialties Lines Ins. Co., providing coverage for the actions of Houser alleged herein. Pursuant to La. R.S 22:1269 Plaintiffs are entitled to a direct action against American International Specialties Lines Ins. Co., for the actions and damages caused by Houser, within the terms and limits of said policy.

**WHEREFORE,** Plaintiff Mitch Berger prays that this Complaint be deemed

good and sufficient; that, after due proceedings be had, there be judgment in their favor and against all defendants as follows:

1. For all actual damages in an amount to be proven at trial or motion, including but not limited to full restitution of all sums paid;

2. For all other damages occasioned by defendant's actions, omissions, and bad faith actions, and violations of the applicable laws cited herein, including without limitation lost profits and opportunities, substantial expenses to investigate defendant's mismanagement, and inconvenience;

3. For all exemplary damages occasioned by defendant's bad faith actions and violations of the applicable laws cited herein;

4. For all illegal dividends and/or transfers made to the detriment of Plaintiff

5. For all pre-petition, pre-judgment and post-judgment interest as allowed pursuant to the laws of Louisiana;

6. For all costs of this suit, including without limitation attorneys fees; and,

7. For such other relief as the Court deems just and proper.

Respectfully submitted:

By    /s/  FRED L. HERMAN
FRED L. HERMAN (Bar# 6811)
THOMAS J. BARBERA (Bar# 18719)
1010 Common Street, Suite 3000
New Orleans, LA   70112
Telephone: (504) 581-7070
Telefax: (504) 581-7083

**Attorneys for MITCH BERGER**

PLEASE SERVE

**KEVIN HOUSER,**
**1801 Holdens Arbor Run**
**Westlake OH 44145**

**SECURITIES AMERICA, INC.,**
**1774 Settlers Reserve Way**
**Westlake, OH 44145**

**AMERICAN INTERNATIONAL**
**SPECIALTIES LINES INSURANCE CO.**
**Through the Louisiana Secretary of State**